UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL HADJI SERIGNE VILANE,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2925

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a custody redetermination hearing. (Pet., ECF No. 1, PageID.8.) In an order entered on October 14, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No.

3.) Respondents filed their response and a recording of the May 27, 2026, bond hearing on October 19, 2026. (Resp., ECF No. 5; Recording of May 27, 2026, Bond Hearing, filed on Oct. 19, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2024 and has remained in the United States since that time. (Pet., ECF No. 1, PageID.6.) On March 9, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*)

On May 16, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Vilane v. Raycraft* (*Vilane I*), No. 1:26-cv-1615 (W.D. Mich.). In *Vilane I*, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies by requesting a bond hearing in Immigration Court because Respondents conceded that Petitioner would be entitled to such a hearing if he requested one in Immigration Court. Op. & Jud., *Vilane I*, (W.D. Mich. June 12, 2026), (ECF Nos. 4, 5).

On May 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-3, PageID.30.) At the conclusion of the May 27, 2026, hearing, the immigration judge denied Petitioner's request for bond, finding that Petitioner "failed to show he is not a flight risk." (Recording of May 27, 2026, Bond Hearing, at 6:08–6:13, filed on Oct. 19, 2026; *see* Immigration Judge Order, ECF No. 5-3, PageID.30.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-*

*Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge